# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN LOPEZ MUNGUIA,<br><br>Defendant. | CASE NO. 1:08-CR-000228-LJO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 69) |

Before the Court is Defendant Juan Lopez Munguia's *pro se* motion to reduce his sentence (Doc. 69), under section 1B1.10(b)(1) of the United States Sentencing Guidelines ("U.S.S.G") and Amendment 782 ("the Amendment") to the U.S.S.G.,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the instant motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10 (Doc. 35), and Defendant has filed a reply to the Government's opposition (Doc. 77). The Office of the Federal Defender filed notice that it did not recommend appointment of counsel in this case. *See* Doc. 71. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR")[2], and the relevant law, the Court will deny the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

[2] At the time Defendant was sentenced, the practice of the United States Probation Officer was typically not to file PSRs on the docket. Thus, for purposes of the instant motion, the Court obtained the PSR from the United States Probation Office.

## I. BACKGROUND

On August 11, 2008, Defendant pleaded guilty to violations of 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to cultivate marijuana; 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, cultivation of marijuana and aiding and abetting; and 18 U.S.C. § 1361, injury or depredation to government property, as alleged in counts 1, 2 and 3, of a three-count indictment. PSR ¶ 1; Doc. 22.

Defendant's PSR recommended a total offense level of 29. PSR ¶ 42. The applicable guideline for counts 1 and 2 is § 2D1.1, which predicates the base offense level upon the amount of narcotics involved in the case. Under the version of § 2D1.1 applicable at the time the PSR was prepared, if an offense involves between 1,000 kilograms, but less than 3,000 kilograms of marijuana, the applicable offense base offense level is 32. *See* U.S.S.G. § 2D1.1(c)(4) (2007). Thus, because Defendant's offense involved approximately 1,120.2 kilograms of marijuana, the PSR determined his base offense level to be 32. PSR ¶ 20. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 29. *Id.* at ¶¶ 41-42. At a total offense level of 29, with a criminal history category of III, the Guidelines range was 120-135 months of imprisonment. *Id.* at 17. The PSR additionally noted that Defendant's offense was subject to a mandatory minimum sentence of 120 months. *Id.* at ¶83. Therefore, the PSR recommended a sentence of 120 months of imprisonment. *Id.* at 17.

On September 29, 2008, pursuant to the PSR's recommendation, Judge Oliver W. Wanger sentenced Defendant to a 120-month term of imprisonment, for all three counts on the indictment, to be served concurrently. *See* Docs. 27, 28.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014,

the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015). "[T]he only 'appropriate use' of sentence modification proceedings under section 3582(c) is to adjust a sentence in light of a Guidelines amendment," so courts may not use such proceedings "as a 'full resentencing' that reconsiders a sentence based on factors unrelated to a retroactive Guidelines amendment." *United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011).

### III. DISCUSSION

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

Here, it is accurate that under Amendment 782, the adjusted drug quantity table reduces Defendant's base offense level from 32 to 30, because his offense involved between 1,000 kilograms and 3,000 kilograms of marijuana. U.S.S.G. § 2D1.1(c)(5) (2015). Taking into consideration the 3-level reduction for acceptance of responsibility, and Defendant's criminal history category of III, the amended guidelines range would be 87 to 108 months. *See* U.S.S.G. Sentencing Table (2014). However, in this case, Defendant was sentenced pursuant to a statutory mandatory minimum for his offense. PSR at ¶ 83; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii). As a result, the Court lacks authority to reduce further Defendant's sentence. *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009); *see also United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (§ 3582(c) proceedings have a "narrow scope" and are not intended to be plenary re-sentencings).

The Court therefore finds that Defendant is not eligible for a sentence reduction under § 3582(c) because the Court has imposed the statutory mandatory minimum term of imprisonment. *Paulk*, 569 F.3d at 1096. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the Court does not have the authority to reduce Defendant's sentence below the mandatory minimum. To the extent that Defendant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As Defendant not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

**IV.   CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Juan Lopez Munguia's motion to reduce his sentence (Doc. 69) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 2, 2016**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE

4