# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JUAN LOPEZ MUNGUIA,<br><br>    Defendant. | Case No. 1:08-CR-000228-LJO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. 80) |

Defendant Juan Lopez Munguia now moves the Court to reconsider its February 2, 2016 Order denying his request to reduce his sentence under United States Sentencing Guidelines § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines.[1] Doc. 80. The Court denied Defendant's initial request on the basis that the Court lacked authority to reduce further Defendant's sentence, as Defendant was sentenced pursuant to a statutory mandatory minimum, notwithstanding the fact that under Amendment 782, Defendant's sentencing range fell from 120-135 months of imprisonment to 87-108 months of imprisonment. Doc. 78, at 4.

Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." *United States v. Martin,* 226 F.3d 1042, 1049 (9th Cir. 2000). Generally,

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation. *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003); *see also Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

      Defendant's motion presents no argument as to any intervening change in controlling law, or the availability of new evidence, but appears to argue that it was error to deny him a sentence reduction when the Court had originally imposed 120 months of imprisonment pursuant to a statutory mandatory minimum, and his amended guidelines range was 87 to 108 months of imprisonment. Doc. 80, at 1-2. In *United States v. Paulk*, the Ninth Circuit addressed this very issue, and held that when a defendant's sentence is based on a statutory mandatory minimum, even if an amendment to the Guidelines may be applicable to the defendant, such an amendment does not actually lower the defendant's Guidelines range "because of the operation of … a statutory mandatory minimum term of imprisonment." 569 F.3d 1094, 1095-96 (9th Cir. 2009) (quoting U.S.S.G. § 1B1.10 cmt. n. 1(A)). In other words, if a defendant was sentenced pursuant to a statutory mandatory minimum, the statutory mandatory minimum will overrule any purported lower Guidelines range. *See id.* Here, as Defendant pleaded guilty to, *inter alia*, a violation of 21 U.S.C. § 841(a)(1), and his offense involved at least 1,000 kilograms of marijuana[2], Defendant was subject to a 120-month mandatory term of imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(vii), (viii) (for any person who violates 21 U.S.C. § 841(a), and whose sentence involved 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, "such person shall be sentenced to a term of imprisonment which may not be less than 10 years []."). Therefore, because Defendant was sentenced pursuant to a statutory mandatory minimum, the Court did not err in denying

---

[2] Presentence Report, ¶ 19 (indicating that law enforcement agents found approximately 1120.2 kilograms of marijuana in connection with Defendant's offense).

Defendant's request for a sentence reduction under § 3582(c) and Amendment 782. *See Paulk*, 569 F.3d at 1095-96.

**CONCLUSION AND ORDER**

Defendant has failed to demonstrate an intervening change in controlling law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice. *See Multnomah,* 5 F.3d at 1263. Absent such evidence, granting the instant motion for reconsideration is inappropriate. *See Carroll,* 342 F.3d at 945. Accordingly, **IT IS HEREBY ORDERED** that Defendant Juan Lopez Munguia's motion for reconsideration of the Court's Order denying a reduction in his sentence (Doc. 80) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 13, 2016**                    /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE